42371. COTTON STATES MUTUAL INSURANCE COMPANY
v. McFATHER et al.
(334 SE2d 673)

MARSHALL, Presiding Justice.

This is a continuation of *Cotton States Mut. Ins. Co. v. Mc-Father,* 251 Ga. 739 (309 SE2d 799) (1983).

Carl and Ann McFather were killed in an automobile accident on August 9, 1979. On October 25, 1979, personal-injury benefits of $5,000 each were paid by their insurer, the appellant, to the administrators of their estate, the appellees. After the decision in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), the appellees made demand on the appellant for optional PIP benefits for each of the decedents. The appellant denied the claim for additional PIP benefits. On February 2, 1982, the appellees filed suit against the appellant seeking a 25% penalty and attorney fees under OCGA § 33-34-6 (b) for failure of the appellant to pay the optional PIP benefits within 30 days of demand and proof of loss. The appellees also sought punitive damages under OCGA § 33-24-6 (c) for failure of the appellant to pay the optional PIP benefits within 60 days after proof of loss. The trial court directed a verdict holding that the appellees were entitled to $90,000 optional PIP benefits as a matter of law, and the jury returned its verdict for $22,500 as the statutory penalty, $36,000 attorney fees, and $138,000 in punitive damages.

On December 1, 1982, the Court of Appeals rendered its decision in *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166) (1982), overruling *Jones v. State Farm Mut. Auto. Ins. Co.,* supra. On March 3, 1983, this court rendered its decision in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983) reversing the Court of Appeals' decision in *Atlanta Cas. Co. v. Flewellen,* supra. Rehearing was denied in *Flewellen* on March 23, 1983.

The appellant's motion for a new trial was pending at the time of this court's *Flewellen* decision. In our prior decision in this case, we held, among other things, "that insurance companies which tendered the optional PIP benefits owed upon proper demands of their insureds within the statutory 30 and 60 day periods after March 23, 1983, when the motion for rehearing in *Flewellen* was overruled, are not subject to statutory penalties, attorney fees and punitive damages. [Cits.]" *Cotton States Mut. Ins. Co. v. McFather,* 251 Ga., supra

at p. 743 (3). We further held, "In the case before us, Cotton States states that it tendered the optional PIP benefits within 30 days of March 23, 1983, and thereby satisfied the time requirements of OCGA § 33-34-6 (b) and (c). . . The insureds dispute this assertion. We therefore remand this case to the trial judge for resolution of this issue." Id. at p. 744.

On remand, the trial court found that on April 1, 1983, the appellant, through its attorney, forwarded to one of the attorneys for the appellees a draft for $98,369 representing the optional PIP benefits of $90,000, plus interest and court costs. However, the print on the reverse side of the draft was a release. Under the language employed in this release, the payee, through endorsement and negotiation of the draft, would release the insurance company from all claims for which the insurance company was contractually liable as a result of, and from all legal liability resulting from, the accident. The trial court ruled that this tender did not meet the requirement of OCGA § 13-4-24 that a tender be "unconditional." Accordingly, the court held that there was no valid tender, and the appellees' motion for summary judgment was granted on this ground.

As previously stated, in the prior appearance of this case, we held that insurance companies are not subject to statutory penalties, attorney fees, and punitive damages, where the optional PIP benefits were tendered within the statutory 30-day and 60-day periods after the motion for rehearing in *Flewellen* was overruled.

Here, the appellant did tender the optional PIP benefits to the appellees within the time limits specified.

The appellant required the appellees to perform no act as a condition of the tender of the optional PIP benefits aside from their endorsing and negotiating the draft containing the release language. Since the payment of the sums required by law to be paid entitled appellant to a release, we conclude that the presence of the release language on the draft did not vitiate the tender.

*Judgment reversed. All the Justices concur, except Smith, J., who concurs in the judgment only, and Gregory, J., who dissents.*

GREGORY, Justice, dissenting.

I respectfully dissent for the reason that, in my view, the tender made by Cotton States was conditional and therefore ineffective. At the time the draft covering PIP benefits was offered, McFather had a judgment in an amount which included PIP benefits plus sums for penalties, attorney fees and punitive damages. In order to accept the draft for PIP benefits, McFather would have to release not only all sums in the judgment for penalties, attorney fees and punitive damages, but ". . . any claims against the payor insurance company for

which it is contractually liable under the policy. . ." arising out of the accident in question.

A tender ". . . must be certain and unconditional, except for a receipt in full or delivery of the obligation. . . ." OCGA § 13-4-24. Cotton States was entitled to a receipt for payment of PIP benefits. It was not entitled to a release from all claims under the policy arising out of the accident including sums which were part of the judgment for penalties, attorney fees and punitive damages. Those sums were still in litigation, subject to appeal, the outcome of which was unknown to the parties. Cotton States was entitled to pay the PIP benefits it owed and continue to litigate the remaining matters. It was not entitled to require McFather to release, without litigating, those remaining matters as a condition to payment of PIP benefits.

DECIDED OCTOBER 1, 1985.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield, Hilliard P. Burt,* for appellant.
*Jesse G. Bowles III, Albert W. Stubbs,* for appellees.